UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | CAUSE NO.  1:99cr62 |
| ) | |
| FREEMAN HOLMAN ) | |
| ) | |

OPINION AND ORDER

This matter is before the court on a "Motion Pursuant to Rule 60(b)" filed by the defendant, Freeman Holman ("Holman"), on May 16, 2005.  Holman is proceeding pro se.  The government responded to the motion on June 8, 2005, to which Holman replied on June 22, 2005.

For the following reasons, Holman's motion will be denied.

Discussion

On November 22, 1999, a Federal Grand Jury returned a two count Indictment against Holman, alleging violations of 21 U.S.C. § 841 and 18 U.S.C. § 924(c).  Holman was charged with possession of cocaine base, "crack", with the intent to distribute and carrying a firearm during and in relation to a drug trafficking crime.

On December 2, 1999, Holman had his initial appearance on the Indictment.  Holman was arraigned on December 7, 1999, and he entered a plea of not guilty.  Holman was detained pending trial.

On January 26, 2000, a Federal Grand Jury returned a five count Superseding Indictment against Holman alleging violations of 21 U.S.C. § 841, 18 U.S.C. § 924(c), and 18 U.S.C. § 922(g). Holman was charged with three counts of possession of cocaine base, "crack", with the

intent to distribute, carrying a firearm during and in relation to a drug trafficking crime, and being a felon in possession of a firearm.

On February 2, 2000, Holman had his initial appearance and arraignment on the Superseding Indictment. Holman entered a plea of not guilty. Holman was detained pending trial.

On February 15, 2000, Holman filed a Motion to Suppress Evidence. An evidentiary hearing was held on March 2, 2000. The United States filed its "Opposition to the Defendant's Motion to Suppress Evidence" on April 27, 2000. Holman responded with a brief on May 16, 2000, and the United States replied on June 7, 2000. On June 14, 2000, this court entered an Order denying the motion.

On June 14, 2000, Holman filed a second Motion to Suppress Evidence. An evidentiary hearing was held on October 6, 2000. Holman filed his supplemental brief on October 20, 2000. The government filed its response on October 25, 2000. On November 16, 2000, this court entered an Order denying the motion.

On December 13 and 14, 2000, Holman's case was tried to a jury. Count 2 of the Superseding Indictment was dismissed before trial and Counts 3, 4, and 5 of the Superseding Indictment were renumbered as Counts 2, 3, and 4 respectively. Holman was convicted of Counts 1, 2, 3, and 4 of the renumbered Superseding Indictment. A sentencing hearing was held on March 1, 2001. Holman was sentenced to 248 months imprisonment. On March 1, 2001, Holman filed his Notice of Appeal. In his appellate brief, Holman argued that (1) his trial defense counsel provided ineffective assistance by asking the jury to find Holman guilty of Count 1 in closing argument, (2) his trial defense was ineffective at his sentencing hearing, (3) it

was unconstitutional to include relevant conduct under the sentencing guidelines that was not charged in the Indictment and proved beyond a reasonable doubt, and (4) the district court improperly enhanced his sentence for obstruction of justice. On December 16, 2002, the conviction was affirmed. <u>United States v. Holman</u>, 314 F.3d 837 (7th Cir. 2002). Holman requested a rehearing <u>en banc</u> which was denied on January 16, 2003. Holman then sought a <u>writ of certiorari</u> from the United States Supreme Court which was not granted.

On July 23, 2003, Holman filed a petition under Section 2255 claiming that this court lacked jurisdiction over him because his Indictment by the grand jury was improper, that this court is not an Article III court, that the judge and prosecutor were not licensed in the state, that the federal courts have no jurisdiction over him since he is a citizen of an independent republic state, and that this court extended its jurisdiction beyond the bounds fixed by the Constitution. Holman further claimed that his trial defense counsel was ineffective for failing to advise him that this court was not an Article III court, that the indictment failed to state a cause of action, that the defense counsel had no license to practice law issued by the state rather than a private association, that the corporate United States had no authority to bring the criminal action, that Congress had not granted jurisdiction over Title 21 offenses to this court, that the "implied trust agreement" between Holman and the government had been breached, and that Holman had no liability to the United States on the charge (apparently an argument relating to <u>in personam jurisdiction</u>). Holman's Section 2255 petition was denied by this court on January 26, 2004.

On November 4, 2003, Holman filed a Petition for Order to Vacate Void Judgment in this court. On May 12, 2004, this court denied Holman's motion. On July 9, 2004, Holman filed a "Motion to Correct, Modify or Reduce Sentence." On August 19, 2004, this court denied

3

Holman's motion. The Seventh Circuit denied Holman's request for certificate of appealability on January 19, 2005.

On May 16, 2005, Holman filed his present motion, seeking to have this court vacate its judgment in this case pursuant to Booker.

The government argues, correctly, that the Supreme Court's decision in United States v. Booker, 125 S.Ct. 738 (2005), does not apply retroactively to criminal cases that became final before January 12, 2005. McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005). It is clear that Holman's case was final prior to January 12, 2005, and thus the Booker decision has no application to his case.

The government further correctly points out that a post-conviction motion that is functionally a Section 2255 motion should be treated as such. Henderson v. United States, 264 F.3d 709 (7th Cir. 2001). As the recitation of the record has shown, Holman has attempted to collaterally attack his conviction in numerous and varied ways, including pursuant to Section 2255. Thus, this is Holman's second or successive Section 2255 petition, and it is governed by the amendments to Section 2255, which were enacted April 24, 2996, as part of Section 105 of the Antiterrorism and Effective Death Penalty Act of 1996. One important amendment requires that any second or successive petition filed under Section 2255 must first be certified by a panel of the Court of Appeals before it can be accepted for filing in the District Court.

Because Holman's motion is a second or successive Section 2255 motion, this court is required to dismiss the motion:

> [T]he new prior-approval device is self executing.  From the
> district court's perspective, it is an allocation of subject-matter
> jurisdiction to the court of appeals.  A district court must dismiss a
> second or successive petition without waiting for a response from

>the government, unless the court of appeals has given approval for
>its filing.  Even an explicit consent by the government to beginning
>the case in district court would be ineffectual; the power to
>authorize its commencement does not reside in either the district
>court or the executive branch of government.

<u>Nunez v. United States</u>, 96 F.3d 990, 991 (7th Cir. 1996).  Accordingly, Holman's present motion will be denied as a successive Section 2255 petition.

<u>Conclusion</u>

On the basis of the foregoing, Holman's "Motion Pursuant to Rule 60(b)" is hereby DENIED.

Entered: July 22, 2005.

s/ William C. Lee<br>
William C. Lee, Judge<br>
United States District Court