UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| FREEMAN HOLMAN, | ) |
| Petitioner, | ) |
| | ) Case No.: 1:99-CR-62 |
| v. | ) |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**MEMORANDUM OF OPINION AND ORDER**

This matter is before the court on the Motion for Relief From Judgment Under Rule 60(b) filed by the Petitioner, Freeman Holman, on November 30, 2005. The government filed a response to the motion on January 13, 2006, and Holman filed a reply on February 10, 2006. For the reasons stated below, the motion is DENIED.

**DISCUSSION**

On December 14, 2000, a jury found Holman guilty of four charges, including possession of "crack" cocaine with intent to distribute, carrying a firearm during and in relation to a drug trafficking crime, and being a felon in possession of a firearm. He was sentenced in this court on March 1, 2001, to 248 months imprisonment. Holman filed a timely appeal of his conviction in the Seventh Circuit Court of Appeals, which affirmed the conviction on December 16, 2002. *United States v. Holman*, 314 F.3d 837 (7th Cir. 2002). Holman then filed a petition for rehearing *en banc*, which was denied on January 16, 2003, and a petition for *writ of certiorari* to the United States Supreme Court, which was not granted.

After losing his direct appeal, Holman filed numerous challenges to his sentence and conviction. These challenges are set out in detail in the government's response brief. Docket at

176. For purposes of summary, these post-conviction motions, not including the present one, include at least two motions under 28 U.S.C. § 2255 and several other variously titled motions challenging his sentence and/or conviction. See Docket at 124, 129, 139, 140, 149, and 160. In addition, Holman also filed two more appeals with the Seventh Circuit–one on April 23, 2004, and the second on August 10, 2005. See Docket at 146 and 167. In the first of those two appeals, the Seventh Circuit denied Holman's request for a certificate of appealability. *Holman v. United States*, No. 04-2737 (7th Cir., November 23, 1004). The second appeal was dismissed due to Holman's failure to pay the required docketing fee as directed by the appellate court. *United States v. Holman*, No. 05-3359 (7th Cir., September 21, 2005).

Undeterred by his repeated lack of success in all these post-conviction proceedings, Holman has filed the present motion. In it, Holman asks the court to reconsider its decision issued on August 19, 2004, which denied a motion for relief that Holman had filed on July 9, 2004,[1] and which the court construed as a second or successive petition under 28 U.S.C. § 2255.

Holman's July 9, 2004, motion was titled "Motion to Correct, Modify or Reduce Sentence/With Incorporated Brief." Docket at 149. In that motion, Holman challenged the sentence imposed on him and argued that it was contrary to the U.S. Supreme Court's decision in *Blakely v. Washington*, 124 S.Ct. 2531 (2004). *Id*., p. 3. Given that this was an obvious collateral challenge to his sentence and/or conviction, the court interpreted Holman's motion as one pursuant to 28 U.S.C. § 2255. As stated above, the motion was denied by way of an order issued on August 19, 2004. Docket at 155. In its order, the court explained that since Holman

---

[1] In his motion, Holman states that this particular motion was filed "On July 29, 2004 . . . ." Motion, p. 2, Docket at 172. This is, however, apparently a scrivener's error, since the actual filing date was July 9, 2004.

had previously filed a § 2255 motion on July 23, 2003 (Docket at 124), this motion constituted a "second or successive petition" for which he was required to obtain the express permission of the Seventh Circuit Court of Appeals prior to filing in this court. See Court's Memorandum of Decision and Order, Docket at 155, p. 2. As this court explained at the time, section 2255 was amended on April 24, 1996, as part of Section 105 of the Antiterrorism and Effective Death Penalty Act of 1996. Pursuant to those amendments, a prisoner wishing to file a second or successive § 2255 petition must first request and receive certification from the appropriate circuit court of appeals before the petition can be presented to the district court. As the Seventh Circuit explained in *Nunez v. United States*:

[T]he new prior-approval device is self executing. From the district court's perspective, it is an allocation of subject-matter jurisdiction to the court of appeals. A district court must dismiss a second or successive petition without waiting for a response from the government, unless the court of appeals has given approval for its filing. Even an explicit consent by the government to beginning the case in district court would be ineffectual; the power to authorize its commencement does not reside in either the district court or the executive branch of government.

*Nunez*, 96 F.3d 990, 991 (7th Cir. 1996). Accordingly, since this court had no jurisdiction to entertain Holman's Motion to Correct, Modify, or Reduce Sentence, the motion was dismissed.

     In his present motion, Holman argues that the court was wrong to have construed his July 9, 2004, motion as one pursuant to § 2255. He explains that "this Court's action, in not reaching the merits on Petitioner's motion to Correct, Modify, or Reduce Sentence, is at direct odds with Supreme Court law, noting that Federal jurisdiction created by statute may not be extended or restricted by Court enacted laws. This Court was in error not to consider the merits of

3

Petitioner's motion to Correct, Modify, or Reduce Sentence, as that motion is the only true 28 U.S.C. § 2255 motion filed by Petitioner." Motion for Relief From Judgment, p. 2. Holman claims that the motion he filed back in 2003 was somehow *not* a § 2255 motion. He argues that "On July 23, 2003, Petitioner filed a petition for a Writ of Habeas Corpus, pursuant to Article 1, § 9, Clause 2 of the Constitution of the United States of America (1787 & 1791), which this court construed as a petition under 28 U.S.C. § 2255. Petitioner's constitutional Habeas Corpus petition was a jurisdictional argument." *Id*., p. 1. In other words, Holman is claiming that his original motion for relief from his sentence was *not*, in fact, brought pursuant to § 2255, but rather pursuant to the provisions of the U.S. Constitution itself. Therefore, according to Holman, none of his subsequent filings should have been construed as "second or successive" petitions and he is still entitled to his "bite at the apple" under § 2255. *Id*., p. 2. Holman is mistaken.

Regardless of how a post-conviction motion for relief might be titled, or how the arguments contained therein might be framed, it is well established that a post-conviction motion that is functionally a Section 2255 motion should be treated as such. *Henderson v. United States*, 264 F.3d 709 (7th Cir. 2001); *Melton v. United States*, 359 F.3d 855 (7th Cir. 2004). The mere fact that Holman claimed to have brought his July 23, 2003, motion under a provision of the U.S. Constitution rather than under § 2255 does not change the fact that the motion constituted a collateral attack to his conviction. Accordingly, the court properly construed it as a motion under § 2255 and denied it on its merits.[2] This motion was, in fact, Holman's "bite at the apple."

---

[2] Given that Holman's July 23, 2003 motion was, in fact, titled a "Petition for a Writ of Habeas Corpus," and given that it challenged the very legality of his conviction and sentence, his later arguments that it was *not* a § 2255 motion are simply without any legal basis.

While his July 23, 2003, motion was pending, Holman filed another motion, on November 4, 2003, which he titled "Petition for Order to Vacate Void Judgment." Docket at 129. This motion was interpreted as a second petition under § 2255. Since Holman had not obtained the permission of the Seventh Circuit Court of Appeals to bring this second petition, the court directed that it be forwarded to that court for an appropriate ruling regarding certification. In an order issued on March 26, 2004, the Seventh Circuit ruled that this second "motion" should not have been construed as a second or successive petition under § 2255, since Holman's first such motion had not been ruled on. Consequently, the Seventh Circuit, while specifically *not* ruling on the merits of the second filing, returned it to this court for resolution. *See*, *Holman v. United States of America*, No. 04-1681 (7th Cir., March 26, 2004). The Seventh Circuit held that Holman's November 4, 2003, filing should have been interpreted as an amendment to his pending motion filed on July 23, 2003. Following the dictates of the appellate court, this court treated Holman's "Petition for Order to Vacate Void Judgment" as an amendment to his "Petition for a Writ of Habeas Corpus" and issued an order on May 12, 2004, denying same. Docket at 148. It is important to note that this motion was denied after an analysis and discussion of its merits, *not* because it was deemed a second or successive petition.

Next, on April 8, 2004, Holman filed a document he titled "Petition for Reconsideration of Recharacterized Petition for a Writ of Habeas Corpus." Docket at 139. In that petition, Holman asked the court to reconsider its order of January 26, 2004, in which the court denied Holman's *first* § 2255 motion. Holman argued that this court erred in interpreting his July 23, 2003, filing as one under § 2255 because, he stated, he "never filled out any forms pursuant to 28 U.S.C. § 2255, and still unequivocally aver that 28 U.S.C. § 2255, has never been properly

5

promulgated and implemented into Law, as 28 U.S.C. § 2255 is an administrative statute and must be published in the C.F.R. and FEDERAL REGISTER." Petition for Reconsideration, p. 2 (emphasis in original). In an order issued on April 13, 2004, (Docket at 143) the court explained, yet again, that regardless of the manner in which a prisoner may caption a motion or present his arguments, if in fact the motion is functionally one under § 2255 it will be (and must be) treated and ruled upon as such. Consequently, Holman's Petition for Reconsideration of the court's order of January 26, 2004, was denied.³

Moving on then, Holman filed, on May 16, 2005, a "Motion Pursuant to Rule 60(b)" (Docket at 160). In that motion, Holman challenged his sentence and conviction again, arguing that it was imposed in violation of the U.S. Supreme Court's decision in *United States v. Booker*, 125 S.Ct. 738 (2005). Once again, despite the fact that Holman captioned this motion as one under Rule 60(b), it was clearly and obviously a § 2255 collateral attack to his conviction. Accordingly, it was denied since it was a second or successive petition under that statute and Holman had not sought or received certification from the court of appeals to present the motion in this court.

Finally we come to the present motion, also one purportedly brought pursuant to Rule 60(b) (as opposed to § 2255 or any other vehicle). As stated, Holman now asks the court to reconsider its order of August 19, 2004, in which the court rejected his "Motion to Correct,

---

³Displeased with this outcome, Holman appealed the court's order of April 13, 2004, to the Seventh Circuit. Holman applied to this court for a Certificate of Appealability in that proceeding, which this court denied in an order issued on August 6, 2004. Docket at 153. Holman renewed his request for a COA before the appellate court. The Seventh Circuit also denied his request, stating that it had "reviewed the final order of the district court and the record on appeal . . . [and found] no substantial showing of the denial of a constitutional right." *Holman v. United States*, No.04-2737 (7th Cir., November 23, 2004) (Docket at 159).

6

Modify or Reduce Sentence" (i.e, his July 9, 2004, motion) because, once again, he had failed to obtain the permission of the appellate court prior to presenting the motion. Holman still insists that this court has erred, repeatedly, because "[e]ach and every previous post-conviction motion filed by Petitioner has been construed by this Court as a petition under 28 U.S.C. § 2255, including a 'Motion Pursuant to Rule 60(b)' filed by Petitioner to this Court on May 3, 2005."[4] Motion for Relief, p. 2.[5] According to Holman, since none of his prior motions or petitions were, in reality, brought under § 2255, he "is entitled to his 'bite at the apple,' as constitutional protections of surpassing [sic] importance are at stake." *Id*.

     The truth is that Holman has not only had a bite of the apple, he has consumed an entire bushel. He has challenged his sentence and conviction by way of direct appeal to the Seventh Circuit, attempted to do so to the U.S. Supreme Court, and by filing numerous motions in this court (and appealing at least two of them). He has raised many issues and arguments, all of which have been rejected either by this court or the appellate court.[6] This court has issued no fewer than a dozen written orders ruling on various motions Holman has filed since his conviction was affirmed by the court of appeals. Given that Holman received a sentence of imprisonment of over 20 years, it is understandable that he would be motivated to utilize any

---

[4] There was no filing of any type in this case on May 3, 2005. This is likely just another scrivener's error, since the Rule 60(b) motion Holman is referring to is obviously the one he filed on May 16, 2005.

[5] This current motion does not, in fact, constitute a second or successive petition under § 2255 because Holman is not requesting (at least not directly) relief from his sentence or conviction. Rather, he is asking the court to reconsider its decision not to address the merits of his motion to modify or reduce his sentence.

[6] Granted, some of Holman's arguments were rejected on their merits and some on the basis that he had failed to follow the dictates of various rules and statutes, including but not limited to those of the AEDPA.

means possible to continue to challenge his sentence and/or conviction.  But just because a criminal defendant receives a lengthy prison term does not entitled him to strain the resources of the federal courts with repeated meritless filings.  This court has attempted, in its many prior orders, to explain in clear terms its reasoning, as well as the legal basis, for the rejection of Holman's claims.  Obviously, this has not prevented Holman from continuing to file motions challenging his sentence and conviction.  Repeated filings of this sort tax the limited resources of the federal courts, and consume valuable time which the courts could better expend by providing service to other litigants who come before them for legitimate, non-frivolous purposes.  In order to curtail repeated frivolous filings, it has become more common in recent years for both the district courts and the appellate courts to sanction certain individual litigants in an attempt to ensure and protect the fair and efficient administration of justice for those parties who are legitimately before the courts for resolution of various claims.  Such sanctions are sometimes necessary, as the Seventh Circuit explained in *United States v. Lewis*:

> From time to time, we must even resort to monetary sanctions or filing bars to restrain abusive litigants. See *Support Sys. Int'l v. Mack,* 45 F.3d 185, 186 (7th Cir.1995) (ordering the clerk of the court to return any papers the defendant attempted to file in all civil actions until he paid the sanctions entered against him for his numerous frivolous and fraudulent filings); *Alexander v. United States,* 121 F.3d 312, 315 (7th Cir.1997) (entering a modified *Mack* order to address a prisoner's repeated filing of civil actions and successive collateral attacks that automatically denied the latter type of filings on the 30th day of the month unless otherwise instructed by the court).

*Lewis*, 411 F.3d 838, 844 (7th Cir. 2005).

While the court will not issue a monetary sanction or filing prohibition against Holman at this point in time (only because he has not been previously warned by this or the appellate court) the court does urge Holman to proceed with the utmost caution before choosing to file another

motion, petition, or case in this court which raises any of the issues or arguments he has already raised in the many filings discussed in this order.  If Holman fails to heed this warning, the court will issue whatever sanction may be warranted in order to deter him from continuing to file meritless motions.

## CONCLUSION

For the reasons set forth herein, the Motion for Relief From Judgment Under Rule 60(b) filed by Petitioner Freeman Holman on November 30, 2005, is DENIED.

Dated: February 15, 2006.

    /s/   William C. Lee
William C. Lee, Judge
United States District Court